Parker C. J.
delivered the opinion of the Court. On a Bee. lift former trial the declarations of King were given in evidence *566 by .he plaintiffs, and for that cause the verdict was set aside and a new trial granted. We do not see that his letters stand on a different ground. The letters are but declarations not under oath, and the fact of King’s death does not give them an efficiency which they had not in his lifetime. There was time, after the suit was commenced, to have obtained his testimony in legal form, and although commissions were sent for that purpose, it does not appear why they were not executed ; and if it did appear that it was by accident or misfortune, still his declarations or letters not under oath would not thereby become legal evidence.
The cases cited by the defendant’s counsel do not, we think, support his objection to the verdict on this ground. They are cases which seem to constitute a class by themselves. The entry in a book kept by a steward, of money received by him as rent of an estate, the steward being dead, "s admitted to be competent evidence of the payment of rent, in a controversy about the land ; and why ? because such an entry charges the steward with the amount so appearing to be paid. It was .therefore against his interest when made, and is evidence of the fact, he being dead, as strong as his declaration under oath were he living. Barry v. Bebbington, 4 T. R. 514. The case of Stead v. Heaton, ibid. 669, was decided upon the same principle, a receipt of money in the parish officers’ book being admitted as proof of payment by another parish, because it charged the officers making the entry, to their own parish, with the amount, and. also because it was according to the custom of the parish.
The other cases cited are of similar import, and they seem to have established an exception to the general rule, which requires testimony under oath, only in the case where a person who is dead, did in his lifetime, by his entry on his book, charge himself with the' receipt of money, for which by the very act he becomes accountable to some other, person. The case cited from 2 Str. 1129, as explained by Lord Mansfield in the case of Goodtitle v. The Duke of Chandos, 2 Burr. 1071, is of the same description. And the declaration of persons in possession, as to the nature of their occupation *567 and the title under which they hold, is another exception to the rule.[1]
The case of verbal declarations or of letters, is totally different, the first being easily misapprehended and misrepresented, and the second being too easily fabricated, to make them safe sources of evidence. The entries in books come very near to facts proving themselves, in the nature of records, and where they go to charge the party making them, at a time when there could be no view to any use of them to prove a title, they deserve much credit.
No case has been cited in which the letters of a person employed by an agent, have been received in evidence to prove diligence or faithfulness in the agent ; which was the object in introducing this evidence.
We are therefore of opinion, that the letters, even if sufficiently proved, of which there is some doubt manifested in the bill of exceptions, were properly rejected.
Judgment must be rendered according to the verdict.
At October term 1825, Stearns said that the defendant took exceptions to the opinion of the judge who tried the cause the first time, but that he directed judgment to be entered up, and that an execution issued which had been satisfied. The Court, however, upon a hearing of the exceptions, granted a new trial Upon the second trial the jury gave a verdict for the plaintiff for a sum much less than the amount paid on the execution, so that as the defendant is entitled to *568 recover back a large sum, he is to be cons .tiered as the pre* vailing party and entitled tí costs.
But per Curiam. The plaintiff must have his costs.

 So entries made in the usual course of business, by one who had no interest to falsify, have been received in evidence after his death. See Doe v Robson, 15 East, 32 ; Higham v. Ridgeway, 10 East, 109 ; Halladay v. Littlepage, 2 Munf. 316 ; Welsh v. Barrett, 15 Mass. R. 380 ; Nichols v. Webb, 8 Wheat. 326 ; Halliday v. Martinet, 20 Johns. R. 168 ; 1 Stark. Ev. (4th Am. ed.) 265, et seq. This is thought by Mr. Starkie, ubi supra, to be the correct doctrine on principle. He, however, regards it as not clearly settled by the cases, whether in addition to the entries being made in the usual course of business, they should not also be made against the interest of the party making them. See 1 Starkie, (5th Amer. ed.) 264, 265. See Union Bank v Knapp, 3 Pick. (2d ed.) 108. n. (1)